Manly, J.
 

 We do not think it necessary to discuss other questions presented upon this record. There is one ruled erroneously, without doubt, to the prejudice of the appellant,, and for that he is entitled to a
 
 venwe de novo:
 
 the grant of the 14lh of December, 1849, to Adelaide and Elizabeth Kron, is color of title. We perceive no reason why it is not so.— The public authorities decided upon the evidence before them that the grantees were entitled, under the provisions of the acts of Assembly, and, accordingly, they made the grant. It in form purports to convey title — emanates from proper and the highest officers of the State, and is, therefore, of a character to induce a man of ordinary capacity to confide in it as sufficient to secure the enjoyment of the land. This is all that is necessary to constitute
 
 color; Dobson
 
 v.
 
 Murphy,
 
 1 Dev. and Bat. 586;
 
 Tate’s heirs
 
 v.
 
 Southard,
 
 3 Hawks 119.
 

 Many forms of conveyance, much less imposing than this, have been held to be
 
 color
 
 ; as, for instance, an unregistered deed — an unconstitutional act of the Legislature' — a deed without consideration, and intended, merely, as color; Den on the demise of
 
 Campbell
 
 v.
 
 McArthur,
 
 2 Hawks 33;
 
 Episcopal Church of Newbern
 
 v.
 
 The Academy,
 
 2 Hawks 233;
 
 Rogers
 
 v.
 
 Mabe,
 
 4 Dev. 180.
 

 The nonsuit should be set aside and a
 
 venire de novo
 
 awarded.
 

 Per Curiam,
 

 Judgment reversed.